# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CRUZ MADERO,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,[1]<br><br>    Respondent. | Case No. 1:24-cv-00445-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner was convicted in the Merced County Superior Court of attempted murder and assault with a deadly weapon. Various sentencing enhancement allegations were found true. Petitioner was sentenced to an imprisonment term of eighteen years to life. (LD[2] 1.) On February 1, 2023, the California Court of Appeal, Fifth Appellate District reversed the gang enhancements and remanded the matter to the trial court for retrial of the enhancements. The judgment was

---

[1] Christian Pfeiffer is the Warden of Kern Valley State Prison, where Petitioner is housed. Accordingly, Christian Pfeiffer is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).
[2] "LD" refers to the documents electronically lodged by Respondent on December 22, 2021. (ECF No. 11).

1 affirmed in all other respects. (LD 2.) On April 12, 2023, the California Supreme Court denied
2 the petition for review. (LDs 3, 4.)

3        On April 15, 2024, Petitioner filed a federal petition for writ of habeas corpus. (ECF No.
4 1.) On June 17, 2024, Respondent filed a motion to dismiss the petition pursuant to Younger v.
5 Harris, 401 U.S. 37 (1971), because Petitioner has not been resentenced following remand. (ECF
6 No. 7.) To date, Petitioner has not filed an opposition or statement of non-opposition, and the
7 time for doing so has passed.

## II.

## DISCUSSION

10        "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of
11 equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action
12 Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court
13 held that when there is a pending state criminal proceeding, federal courts must refrain from
14 enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571
15 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of
16 Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant
17 from asserting ancillary challenges to ongoing state criminal procedures in federal court.").
18 "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a
19 'showing of bad faith, harassment, or some other extraordinary circumstance that would make
20 abstention inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018) (quoting
21 Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)).

22        Here, Petitioner's resentencing proceedings were scheduled for June 17, 2024. (LD 5.)
23 The Ninth Circuit has held that "[w]hen there is a pending state penalty retrial and no unusual
24 circumstances, we decline to depart from the general rule that a petitioner must await the
25 outcome of the state proceedings before commencing his federal habeas corpus action."
26 Edelbacher v. Calderon, 160 F.3d 582, 582–83 (9th Cir. 1998). It is unclear whether Petitioner's
27 resentencing has taken place as of this writing, but "[w]e conduct the Younger analysis 'in light
28 of the facts and circumstances existing at the time the federal action was filed.'" Rynearson v.

Ferguson, 903 F.3d 920, 924 (9th Cir. 2018) (quoting Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 881 n.6 (9th Cir. 2011)). As Petitioner was awaiting resentencing proceedings at the time he filed his federal habeas petition, the Court finds the petition should be dismissed without prejudice pursuant to Younger.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 7) be GRANTED and the petition be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Christian Pfeiffer as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 29, 2024**

UNITED STATES MAGISTRATE JUDGE

3