**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC CRUZ MADERO,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>        Respondent. | Case No. 1:24-cv-00445 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 7, 14) |

      Eric Cruz Madero is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition, asserting "the judgment of conviction Petitioner now challenges in federal court is not final." (Doc. 7 at 1.) The magistrate judge found "Petitioner was awaiting resentencing proceedings at the time he filed his federal habeas petition." (Doc. 14 at 3.) Therefore, the magistrate judge found the petition for writ of habeas corpus should be dismissed without prejudice pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 2-3.) The magistrate judge recommended Respondent's motion to dismiss be granted. (*Id.* at 3.)

      The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 14 at 3.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order."

(*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) After Petitioner requested two extensions of time to file objections, the Court ordered any objections be filed no later than December 20, 2024. (Doc. 18 at 2.) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. In addition, the Court declines to issue a certificate of appealability.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 30, 2024 (Doc. 14) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 7) is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED** without prejudice.
4. The Clerk of Court is directed to close this case.

///

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 14, 2025**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE